## SUPREME COURT.

WILLIAM B. BATTIN, respondent, agt. WILLIAM W. HEALEY, appellant.

Where *hearsay testimony*, which is clearly incompetent and irrelevant, is admitted on the trial, it cannot be regarded as an error that could have worked no injury, where a collateral issue of *credibility* was raised in the case between the plaintiff and defendant, and the determination of the main issue depended upon which of the parties was believed by the jury, such testimony having a tendency to contradict one of the parties.

*Erie General Term, September,* 1867.

*Before* DANIELS, *P. J.;* MARVIN *and* DAVIS, *J.J.*

APPEAL by defendant from a judgment of Allegany county court, affirming that of a justice of the peace upon the verdict of a jury in favor of the plaintiff for $36.64, with costs.

Complaint. For pasturing defendant's sheep at three cents per head per week, claiming $39.15.

Answer. Denial, alleging price at two cents per week, also claiming damages for a breach of warranty as to the condition of pasture and fences.

There was a conflict between the testimony of the plaintiff and defendant on the trial as to price. The plaintiff testified that at Lemon's stoop he told defendant that "he should charge him three cents per head per week."

The defendant denies this claiming that it was two cents per week. All the witnesses agree that two cents per week was the highest price for the best pasture. The defendant being extensively engaged in keeping sheep and hiring them pastured, on cross-examination by plaintiff, testified that he "never paid over two cents per head per week."

The plaintiff, in order to attack the credibility of the defendant as a witness, and to contradict his statements, gave in evidence the declaration of one Faucett to William White,

a witness for plaintiff, tending to show that Healy was to pay and did pay 2½ cents per week.

The jury evidently found with the plaintiff as to the price, deducting for the absence of 42 sheep, which escaped through defective fences and pastured upon lands of James Scott.

HAKES & STEVENS, *for appellant.*

I. The justice erred in overruling the defendant's objection to the question put to the witness Healy, viz: "Did Mr. White state to him what he charged him for sheep pasture per head per week, or what aggregate for the sheep pasture when pastured at his place?" and "state the conversation between you and Mr. White with regard to the pasturing the sheep at his place, relative to the price at the time of taking them away?" This evidence was wholly immaterial, having no reference to the contract in question, but relating to a subsequent contract with another party.

"The admission of irrelevant evidence is good ground for a new trial, as it is impossible to say what influence the evidence may have exerted on the minds of the jury." (*Dresser* agt. *Ainsworth,* 9 *Barb.* 619; *Clark* agt. *Vorce,* 19 *Wend.* 232; *Boylan* agt. *Colman,* 13 *Barb.* 42.)

II. The justice erred in overruling the defendant's objection to the following question put to the witness William White, viz: "Did you understand from Faucett the price per head per week that the defendant was to pay Faucett & White?" The answer to this question, viz: "I did. He reported to me 240 wethers at 2½ cents per head per week," was irrelevant and was incompetent as being clearly hearsay evidence. The report of Faucett was but the declaration of a third person, not a party. The credibility of the respective parties as witnesses became a very material question. This evidence was used on the trial to discredit Healy, by contradicting his statement that he never paid over two cents per head.

In *Worrell* agt. *Parmlee* (1 *Coms.* 521), in reviewing a judgment of a justice, Mr. Justice JEWETT uses this language, viz: "Where error is in the admission of illegal evidence which bears in the least degree on the question at issue, it cannot be disregarded."

In *Bort* agt. *Smith* (5 *Barb.* 285), Mr. Justice PRATT uses this language, viz: "The true rule, we apprehend, is this: when the fact in dispute is so clearly proved by competent testimony that the county court would have been legally bound had no improper testimony been admitted, to reverse a judgment adverse to such proof, then a judgment in accordance with such proof ought not to be reversed, although improper testimony may have been admitted." If that testimony had been excluded, would a judgment have been reversed if the jury had by their verdict found the price to be two cents instead of three cents per week? Clearly not. The judgment would not have been reversed if the judgment had been wholly in favor of the defendant instead of the plaintiff.

III. The justice erred in overruling the defendant's objection to the following question put to the witness White, viz: "How many more sheep did defendant report than Faucett, and how much more time than defendant?" This was offered evidently to contradict Healy by the statements of Faucett as to the time, as tending to show that the sheep were at plaintiff's pasture for a longer time than he admitted. That evidence was hearsay and irrelevant.

IV. The judgment is against evidence and excessive. 1. The testimony of plaintiff that not over a week or ten days after the sheep were taken to pasture that he should charge three cents, with no proof that the defendant agreed to it, was insufficient to establish a contract as to price. The minds of the parties did not meet. He could only recover on a "*quantum meruit*." None of the witnesses placed the value over two cents per week for the best of pasture protected by sufficient fences. The evidence is that the pasture

in which the 261 sheep were kept was only sufficient for 75 sheep for the time. This is not contradicted.

The evidence of Thomas Reynoldson, the agent of defendant, establishes a warranty that the pasture was enough for $500 sheep, and was enclosed by a sufficient fence. It is true that Battin first testified, "No man ever called on me in regard to the pasturing for defendant," and that he never had any acquaintance with defendant until that day on Lemon's stoop. But after Reynoldson was sworn the plaintiff admitted that he did come to his house, and inquired about the pasture, and that he knew from Reynoldson's statements that he had been in defendant's employ; but he does not deny the representations sworn to by Reynoldson.

That the defendant sustained damages to a large amount by reason of putting 261 sheep in a pasture only sufficient for 75 for the time, is established beyond contradiction. The sheep lost flesh instead of gaining as they should, and were scattered, and a portion of them lost.

Manifest injustice has been done the defendant, and the judgment of the county court and of the justice should be reversed.

D. H. HOLLIDAY, *for respondent.*

This action was brought before justice, to recover for the price of pasturing sheep. Judgment given for plaintiff. Defendant appealed to county court, and there the judgment affirmed.

I. The plaintiff only sought to recover on the contract price, three cents per week, and gave no evidence whatever on the value of the keeping. The issue was as to whether defendant made a bargain to pay three cents per week, and the jury found that he did. The questions asked the witness White, and objected to by defendant, are wholly immaterial, and had no bearing on that issue, and could not affect it, one way or the other. What defendant had paid or agreed to

pay others, was not in any way connected with, nor could it in anywise affect, the contract between the parties.

II. It is a familiar principle, that when there is abundant evidence to sustain the finding, the giving of irrelevant testi. mony which might have a bearing, will be disregarded. But in this case the testimony given, though irrelevant, is remote from, and did not directly or indirectly affect the issue. This was the view taken by the county court, and on this ground that court very properly affirmed the the judgment.

*By the court,* DAVIS, J. This action was brought upon an alleged contract for the pasturing of 260 sheep at "three cents per head per week." The plaintiff gave evidence tending to prove the alleged agreement as to the price, the substance of which was that a few days after the sheep were turned into the pasture, he saw the defendant and told him that he should charge him three cents per head per week, that defendant said : "It is a big price and run one's own risk." To which plaintiff answered that they seemed to be all large sheep, and defendant then turned and went into the store (on the steps of which the parties were standing), and nothing more was said about it.

As the sheep were kept subsequently to this conversation for several weeks in the plaintiff's pasture, it follows, that if the jury believed plaintiff's statement of this conversation, they would be justified in finding the alleged special agreement as to price, because by continuing to keep his sheep in plaintiff's pasture, the defendant's assent to the terms might be inferred as to price. The defendant denied having the conversation as to price, as stated by plaintiff, and gave evidence to show that the pasturing was worth much less than three cents per head. On his cross-examination he stated in substance, that he never had paid over two cents per head; that the sheep were taken from plaintiff's pasture to a farm owned by one White and occupied by one Faucett, where they were kept several weeks, and that he paid White

two cents per head per week; and he was asked several questions relative to what White stated as to his charge for pasturage, which elicited nothing of any moment.

The question whether the sheep were pastured at the agreed price of three cents per head or not, depended almost wholly, if not altogether, on which of the parties to the suit the jury believed.

After the defendant rested his case, the plaintiff called William W. White, who testified to the pasturing of 240 of the sheep on his farm occupied by Faucett, late in the season, and that he and Faucett were partners in the pasturage. The plaintiff's counsel then put to him the following question: "Did you understand from Faucett the price per head per week that defendant was to pay Faucett and White?" Objected to as being irrelevant and hearsay; objection overruled. Answer. I did. He replied to me, 240 wethers at 2½ cents per head per week, and the time which I took from my books. Defendant reports more sheep and less time than Faucett in his bill to me.

Q. How many more sheep did defendant report than Faucett, and how much more time than defendant. Objected to same as before, and same ruling. He reported 14 more sheep, and Faucett six day's more time than defendant did.

This testimony was clearly irrelevant and immaterial upon the question of the contract, and for that reason the county court has regarded it as an error that could have worked no injury. But the court overlooked the fact that a collateral issue of credibility was raised in the case, between the plaintiff and defendant, and that the determination of the main issue depended upon which of the parties was believed by the jury. For the purpose of impairing the credit of defendant, the statements which he had made on his cross-examination were allowed to be contradicted, not by the testimony of Faucett, but by his statements to his partner White. The testimony which, was given on that point, was mere hearsay, for he knew nothing of any arrangement as to the price

of pasturing defendant was to pay, except what Faucett stated, nor as to any discrepancy between defendant and Faucett as to the account for that pasturage. Yet Faucett's statement which tended to contradict defendant's oath, was laid before the jury under a ruling of the court, and it isimpossible to say that the contradiction between defendant and Faucett thus improperly proved, may not have turned the scale in the conflict of credibility between plaintiff and defendant. I think the admission of the answers of White to the questions objected to was an error which cannot be be overlooked; and that the judgments below must, therefore be reversed.